FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 09 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAMANAND PERSAUD,

                Petitioner,

-against-

WARDEN DUKE TERRELL,

                Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
NOT FOR PUBLICATION
11-CV-3701 (CBA)

AMON, Chief United States District Judge:

Petitioner Ramanand Persaud, who is currently incarcerated at the Metropolitan Detention Center ("MDC"), brings the above-captioned *pro se* petition pursuant to 28 U.S.C. § 2241. Petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, but for the reasons that follow, his petition is hereby dismissed.

## BACKGROUND

Petitioner challenges a prison disciplinary proceeding held in 2006 at the Federal Correctional Institution in Schuylkill, Pennsylvania, where petitioner was then housed. He was charged with unauthorized possession of food products and a cellular phone charger. The latter was classified as a violation of Bureau of Prisons ("BOP") Code 199 (conduct which disrupts or interferes with the security or orderly running of the institution most like Code 108, possession of a hazardous tool) and a disciplinary infraction of "greatest severity." Persaud v. Samuels, Civil Action No. 06-4878 (RBK), 2007 WL 1959275, at *1 (D.N.J. July 3, 2007). A Disciplinary Hearing Officer found that petitioner had committed the charged offenses and imposed sanctions of the loss of good conduct time and telephone, visitation, and commissary privileges. Id. Petitioner has previously challenged this same proceeding and sanctions in a prior case filed in the United States District Court for the District of New Jersey. That court considered each of petitioner's claims on the merits, found that petitioner was not entitled to relief, and denied his petition. Id.

The instant petition challenges the same proceeding. Petitioner now argues that he "was never aware of the fact that [possession of] a cell phone charger was a disciplinary infraction of 'Greatest Severity.'" (Pet. at 2.) He argues that this infraction should be reclassified as not being a "greatest severity charge," based on petitioner's reading of Hudson v. Zickefoose, Civil Action No. 10–0251 (RBK), 2010 WL 4746220, 2010 U.S. Dist. Lexis 120936 (D.N.J. Nov. 15, 2010) as an "intervening change of law."

Petitioner's current action is nonetheless barred by principles of *res judicata*, which are not altered by an alleged intervening change in the law. Federated Dep't Stores v. Moitie, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case."); Freeman v. Sikorsky Aircraft Corp., 151 Fed. App'x 91, 92 (2d Cir. 2005) (same).

In any event, the cited case provides no support for petitioner's suggested reclassification of the infraction. In fact, the case holds just the opposite. That particular petitioner had already received the requested relief from the BOP, in that he had been "recharged and re-sanctioned for committing only a 'moderate' violation (under the BOP Code 305) rather than for a violation of 'greatest severity.'" Id., 2010 WL 4746220, at *1. Nonetheless, the court proceeded to clarify that "even if the Petition has not been rendered moot by Petitioner's administrative rehearing and re-sanctioning (i.e., if Petitioner's sanctions under the BOP Codes 199 or 108 remained in force), Petitioner's challenges would be subject to dismissal." Id., 2010 WL 4746220, at *1. The court explained that

> Petitioner's position is . . . without merit as to his assertion that he knew he was committing a disciplinary violation but--without knowing the particular sanction he would be facing if his infraction were detected--he was prevented from determining whether his decision to commit the infraction would be "worthy," to him, of the sanctions that he might suffer. While Petitioner has due process rights to notice as to general categories of the acts prohibited, he has no due process right to notice as to any specific administrative sanction he might face if his violation gets detected.

2

Id., 2010 WL 4746220, at *3; see also Robinson v. Shartle, Civil Action No. 11-2101 (RBK), 2011 WL 2413175, at *1, n.1 (D.N.J. June 6, 2011) (citing numerous other cases making the same finding and noting that "a multitude of substantively identical § 2241 matters is currently pending before this Court, leaving the Court to wonder if there is any federal inmate left in this Circuit who is/was not in possession of an illegal cell phone.") Furthermore, Persaud already admitted in the prior action "that he had received notice that inmates possessing a cell phone would be charged with a Code 108 violation." Persaud, 2007 WL 1959275, at *5.[1]

The District Court for the District of New Jersey thoroughly reviewed this petitioner's 2006 prison disciplinary proceeding and the sanctions imposed. That court found that the cell phone charger was properly defined as a tool, that it properly fell under a Code 199 violation of "greatest severity," and that there was no denial of due process. Id. Therefore, the Court finds that his renewed challenge to the 2006 prison disciplinary proceeding must be denied under principles of res judicata.

## CONCLUSION

For the reasons stated above, petitioner's claims are dismissed with prejudice and the petition for a writ of habeas corpus is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The previously issued Order to Show Cause is withdrawn.

SO ORDERED.

/Signed by Chief Judge Carol B. Amon/

CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
September 9, 2011

---

[1] Although petitioner Persaud was charged with violating BOP Code 199, rather than Code 108, both are "greatest severity" offenses with the same punishment. See Persaud, 2007 WL 1959275, at *5, n.3.