**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 2 0 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RAMANAND PERSAUD,

                             Petitioner,

                    -against-

WARDEN DUKE TERRELL,

                             Respondent.
-------------------------------------------------------------X

**AMENDED
MEMORANDUM & ORDER**
NOT FOR PUBLICATION
11-CV-3701 (CBA)

AMON, Chief United States District Judge:

*On September 9, 2011, this Court denied petitioner's* pro se *petition for a writ of habeas corpus. That Memorandum and Order contained an error in its analysis. While this error had no effect on the Court's ultimate conclusion that the petition should be dismissed, in the interest of clarity, the prior order is vacated and replaced with the modified version below.*

## INTRODUCTION

Petitioner Ramanand Persaud, who is currently incarcerated at the Metropolitan Detention Center ("MDC"), brings the above-captioned pro se petition pursuant to 28 U.S.C. § 2241. Petitioner's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted, but for the reasons that follow, his petition is hereby dismissed.

## BACKGROUND

Petitioner challenges a prison disciplinary proceeding held in 2006 at the Federal Correctional Institution in Schuylkill, Pennsylvania, where petitioner was then housed. He was charged with unauthorized possession of food products and a cellular phone charger. The latter

was classified as a violation of Bureau of Prisons ("BOP") Code 199 (described in the incident report as conduct which disrupts or interferes with the security or orderly running of the institution most like Code 108, possession of a hazardous tool), a disciplinary infraction of "greatest severity." Persaud v. Samuels, Civil Action No. 06-4878 (RBK), 2007 WL 1959275, at * 1 (D.N.J. July 3, 2007). A Disciplinary Hearing Officer found that petitioner had committed the charged offenses and imposed sanctions consisting of the loss of good conduct time and telephone, visitation, and commissary privileges. Id. In 2007, petitioner filed for habeas corpus relief in the United States District Court for the District of New Jersey, challenging the disciplinary proceeding and sanctions. That court considered each of petitioner's claims on the merits, found that petitioner was not entitled to relief, and denied his petition. Id.

## DISCUSSION

The instant petition challenges the same 2006 disciplinary proceeding that was already considered in petitioner's first § 2241 petition in the District of New Jersey. Petitioner argues here that he "was never aware of the fact that [possession of] a cell phone charger was a disciplinary infraction of 'Greatest Severity,'" and that the BOP improperly classified possession of a cell phone as a "greatest severity" charge rather than an infraction of only moderate severity under BOP Code 305. Petitioner cites to Hudson v. Zickefoose, Civil Action No.1 0-0251 (RBK), 2010 WL 4746220 (D.N.J. Nov. 15, 2010), which he claims constitutes an "intervening change of law" that supports of these propositions.

As an initial matter, the cited case does not effectuate any change in the relevant law, and provides no support for petitioner's suggested reclassification of the infraction. Hudson did not hold that possession of a cell phone must be reclassified as only a "moderate" disciplinary violation, rather than one of "greatest severity." The case merely noted that the prison in

question had decided, on its own initiative, to grant an administrative rehearing and had re-sanctioned the petitioner under Code 305, thereby rendering the controversy moot. Moreover, the court went on to note that "even if the Petition has not been rendered moot by Petitioner's administrative rehearing and re-sanctioning (i.e., if Petitioner's sanctions under the BOP Codes 199 or 108 remained in force), Petitioner's challenges would be subject to dismissal." Id. at *1. The court then quoted at length from a prior District of New Jersey case that had addressed an identical challenge to prison sanctions for possession of a cell phone. Id. (quoting Pittman v. Zickefoose, No. 10-5057 (RMB) (D.N.J. Oct. 20, 2010)). The Pittman case (as quoted in Hudson) held that the "[p]etitioner's assertions that the BOP improperly construed its Code 108 as applicable to cell phones [were] without merit," noting that "federal courts have long established that the BOP's construction was reasonable." Id. at *3 (quoting Pittman, No.10-5057). The case also held that

> Petitioner's position is . . . without merit as to his assertion that he knew he was committing a disciplinary violation but—without knowing the particular sanction he would be facing if his infraction were detected—he was prevented from determining whether his decision to commit the infraction would be "worthy," to him, of the sanctions that he might suffer. While Petitioner has due process rights to notice as to general categories of the acts prohibited, he has no due process right to notice as to any specific administrative sanction he might face if his violation gets detected.

Id. at *3 (quoting Pittman, No. 10-5057); see also Robinson v. Shartle, No. 11-2101 (RBK), 2011 WL 2413175, at *1-3 & n.1 (D.N.J. June 6, 2011) (citing numerous other cases making the same findings and noting that "a multitude of substantively identical § 2241 matters is currently pending before this Court, leaving the Court to wonder if there is any federal inmate left in this Circuit who is/was not in possession of an illegal cell phone"). Furthermore, Persaud already admitted in the prior action "that he had received notice that inmates possessing a cell phone

would be charged with a Code 108 violation." Persaud, 2007 WL 1959275, at \*5.[1]

In substance, therefore, the instant petition simply repeats claims already considered and rejected in petitioner's first § 2241 petition. The District Court for the District of New Jersey thoroughly reviewed the 2006 prison disciplinary proceeding and the sanctions imposed. The court found that the cell phone charger was properly defined as a tool, that it properly fell under a Code 199 violation of "greatest severity," and that there was no denial of due process. Id. "[W]hile 'the usual principles of res judicata are inapplicable' in habeas proceedings, the Court nevertheless may decline to reconsider on the merits a successive petition raising precisely the same claim previously rejected unless the interests of justice so require." Williams v. United States, 2002 WL 31496225, at \*1 (S.D.N.Y. 2002) (quoting Smith v. Yeager, 393 U.S. 122, 124-25 (1968)). Furthermore, under 28 U.S.C. § 2244(a), "[n]o . . . district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." See Simon v. United States, 359 F.3d 139, 143 n.7 (2d Cir. 2004) ("§ 2244(a) permits courts to dismiss § 2241 habeas petitions when they raise claims that have already been decided on the merits in a prior § 2241 petition."). In addition, under the common law "abuse of the writ" doctrine, a court has discretion to dismiss a § 2241 habeas petition that is premised on mere "repetition of a previously asserted claim." Esposito v. Ashcroft, 392 F.3d 549, 550 (2d Cir. 2004).

Therefore, since petitioner has not pointed to any facts or law that would recommend reconsideration of the claims already asserted and rejected in his prior § 2241 petition in the

---

[1] Although petitioner was charged with violating BOP Code 199, rather than Code 108, both are "greatest severity" offenses with the same punishment, and the Code 199 charge incorporated Code 108 by reference. See Persaud, 2007 WL 1959275, at \*4, 5 n.3.

District of New Jersey, the instant petition is dismissed.

## CONCLUSION

For the reasons stated above, petitioner's claims are dismissed with prejudice and the

petition for a writ of habeas corpus is denied. The Court certifies pursuant to 28 U.S.C. §

1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in

forma pauperis status is denied for purpose of any appeal. See Coppedge v. United States, 369

U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      October 20, 2011

/Signed by Chief Judge Carol B. Amon/

Carol Bagley Amon
Chief United States District Judge